# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DELAFE,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-1059-Orl-28KRS**

**MIAMI-DADE COUNTY, FLORIDA,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration by the Court *sua sponte*.

**I.**     **INTRODUCTION**.

Plaintiff John Delafe filed a complaint in this case against Miami-Dade County, Florida, for alleged violations of his Sixth and Fourteenth Amendment rights that occurred in Miami-Dade County. Doc. No. 1. He also filed an Affidavit of Indigency, which is construed as a motion to proceed without prepayment of fees, doc. no. 2, and a Motion for Appointment of Counsel, doc. no. 3.

Because Miami-Dade County is in the Southern District of Florida, I issued an order directing Delafe to show cause in writing filed on or before August 11, 2006, why this case should not be dismissed without prejudice to refiling it in the United States District Court for the Southern District of Florida. Doc. No. 4. Delafe has not responded to the Order to Show Cause, and the time for doing so has passed.

## II. ANALYSIS.

The venue statute, 28 U.S.C. § 1391(b), provides as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

If venue is improper, 28 U.S.C. § 1406(a) provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Because the alleged violations of Delafe's constitutional rights giving rise to this action occurred in Miami-Dade County, it appears that venue would be proper in the Southern District of Florida. Delafe has not made any argument that venue is proper in this Court, and no basis for such a conclusion appears from the complaint. Additionally, it does not appear at this early stage of litigation that it is in the interest of justice to transfer this case, rather than to dismiss it without prejudice to refiling in the Southern District of Florida.

## III. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint be dismissed without prejudice to refiling it in the United States District Court for the Southern District of Florida. I

further recommend that the pending motion for leave to proceed without prepayment of fees, doc. no. 2, and Motion for Appointment of Counsel, doc. no. 3, be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 14, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy